IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OBINA ONYIAH<br>　　　Plaintiff<br>vs.<br>THE CITY OF PHILADELPHIA, et al.<br>　　　Defendants | : <br> : <br> : NO. 2:22-CV-01556<br> : <br> : |
| COMMONWEALTH OF PENNSYLVANIA<br>　　　Plaintiff<br>vs.<br>JAMES PITTS,<br>　　　Defendants | : <br> : <br> : NO. MC-51-CR -0003501-2022<br> : <br> : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY CIVIL LITIGATION**

## I. INTRODUCTION

On April 21, 2022, Plaintiff, Obina Onyiah filed a Complaint as arising under 42 U.S.C. § 1983 for claims involving the malicious prosecution of Plaintiff by the individual named Defendants, Philadelphia police officers, as well as claims under a theory of municipal liability against the City of Philadelphia. On February 28, 2022, James Pitts, was indicted based on the same facts and legal theories as embodied in Plaintiff's Complaint.

The gravamen of both Complaints aver that the individual Defendant police officers engaged in police misconduct which culminated in the malicious prosecution of Plaintiff, Obina Onyiah. One of the participating police officers – Former Detective James Pitt – physically assaulted Plaintiff during an interview with the intent of obstructing justice and falsified testimony during a pretrial hearing challenging the admissibility of the purported confession. Subsequently, Defendant Pitts was indicted for allegedly offering false testimony at trial in the criminal matter.

On July 1, 2022 Defendant Pitts' criminal charges at the preliminary hearing, were held for court. See Court of Common Plea of Philadelphia Criminal Docket CP-51-CR-0004729-2022 attached hereto and marked as Exhibit "A". No trial date has been scheduled. Under the present COVID restrictions and the burden that has put on the Courts, trial may not be scheduled any time soon. Therefore, imposing a blanket stay of all discovery could be indefinite, prejudicing Plaintiff.

This matter is now before the Court on Defendant the City of Philadelphia's Motion to Stay Civil Litigation. No other individual Defendant filed a similar motion, including Defendants Former Detective Pitts, Detective Thuston or Detective Lucke. In the instant matter, Defendant, the City of Philadelphia, seeks a stay of all proceedings in this case pending the completion of his criminal trial. Plaintiff opposes Defendant's motion for the following reasons.

Defendant argues that a stay of this civil case is required because of the direct relationship between the criminal and civil matters. Defendant's Motion p. 2-3. Plaintiffs oppose instituting the stay because the issues in Pitts' civil and criminal cases overlap in some, but not all aspects.

## II. STANDARD OF REVIEW

As part of the district court's power to control the disposition of civil matters that come before it, the court has the power to stay proceedings when judicial economy or other interests may require. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); see also *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 136 (3d Cir. 2004). A stay of the proceedings is an extraordinary measure and the decision

to impose a stay rest within the discretion of the district court. *Barker v. Kane*, 149 F.Supp.3d 521, 525 (M.D. Pa. 2016) (citing *In re Adelphia Commen's Secs. Litig.*, No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003)); see also *Landis*, 299 U.S. at 254-256. In determining whether to stay a civil case pending resolution of a related criminal proceeding, Courts consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap;
> (2) the status of the criminal proceedings, including whether any defendants have been indicted;
> (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay;
> (4) the burden on the defendants;
> (5) the interests of the court; and
> (6) the public interest.

*Walsh Securities, Inc. v. Cristo Property Management, LTD*, 7 F.Supp 2d. 523, 526-527 (D.N.J. 1998).

### III. ARGUMENT

#### A. Degree of Overlap

Under the first Walsh Securities factor, the court examines the extent to which the issues in the criminal and civil proceedings overlap. Id. In this case, as previously stated, the issues in Plaintiff's civil case and Defendant Pitt's criminal case overlap in some, but not all aspects. The criminal charges against Defendant Pitts for perjury, obstruction of justice and conspiracy to make false statements arise out of the same October 21, 2010, incident which forms the basis of Plaintiff's complaint. Plaintiff alleges that Defendants, Former Detective Pitts; Detective Thuston and Detective Lucke, falsified testimony, information and documents used to substantiate the probable cause for the Plaintiff's arrests and prosecutions. A court is less likely to

grant a stay if the issues in parallel civil and criminal proceedings do not completely overlap.

Therefore, the first *Walsh Securities* factor weighs in favor of the Plaintiff as to discovery involving the City of Philadelphia and other non-indicted individual Defendant police officers.

### B. Status of Criminal Proceedings

The second *Walsh Securities* factor states, "the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned ... [due] to the potential for self-incrimination." *Walsh Secs., Inc.*, 7 F. Supp. 2d at 527. Each case must be evaluated individually. *Id.* Despite the indictment returned against Defendant Former Detective Pitts, at this stage of the civil proceeding, the risk of Defendant's self-incrimination remains low. As discussed, the civil and criminal cases address different issues. Importantly, the Fifth Amendment Privilege against self-incrimination does not extend to Defendants, the City of Philadelphia and other individual non-indicted police officers named in this suit. See *United States v. Diantonio*, 2016 WL 3063808, at *6 (D.N.J. May 27, 2016). Moreover, future discovery will be in the form of documents and testimony from these other Defendants, rather than testimony from Defendant Pitts. Consequently, there is no risk of Defendant Pitts' self-incrimination in the instant matter.

Any additional information will be sought from Defendants, the City of Philadelphia and the additional named non-indicted police officers. The additional police officers have not been indicted and there appears to be little risk of self-

incrimination from these witnesses. Therefore, this factor weighs against granting a complete stay.

### C. Prejudice to the Plaintiff

As to the the third *Walsh Securities* factor, Plaintiff clearly has an interest in the expeditious resolution of his civil action. Plaintiff would be prejudiced by a complete stay as it would interfere with his interest in pursuing his civil case in an expeditious manner and would increase the chance that witnesses would have difficulty remembering events as clearly and evidence could be lost.
This weighs against granting a complete stay of discovery, as Plaintiff would be prejudiced if the action is indefinitely stayed pending the resolution of Defendant Pitts' criminal case.

### D. Burden on Defendants

In connection with the fourth *Walsh Securities* factor, Defendant the City of Philadelphia has the burden to show that without a stay, Former Detective Pitts will undoubtedly assert his Fifth Amendment rights at depositions, preventing Defendant the City of Philadelphia from adequately defending its interests. Defendant's Motion p. 4. This is an inaccurate and baseless presumption. Like all citizens, Defendant Pitts has the option to exercise his Fifth Amendment right against self-incrimination; However, Defendant Pitts invoking this privilege would in no way preclude Defendant the City of Philadelphia and other non-indicted individual defendant officers from defending their interests in this civil matter. Additionally, Plaintiff intends to engage primarily in discovery of the other non-indicted defendants in this

civil matter. Therefore, the prejudice that Plaintiff Onyiah would suffer if his civil case is stayed greatly outweighs the burden on Defendants, City of Philadelphia and the other named police officers, to engage in discovery.

Moreover, the Court can use its authority in managing civil discovery to prevent Plaintiff from using civil discovery to impinge in any way with the ongoing criminal prosecution of Former Detective Pitts. If it appears to the Court Plaintiff is not conducting discovery primarily for the civil case, but instead for the purpose of interfering with the criminal charges, the Court can take appropriate action to delay, limit or postpone discovery. Thus, Defendant Pitts' interests can still be protected while permitting this civil case to proceed.

### E. Interest of the Court

As to the fifth *Walsh Securities* factor, the Court has an interest in judicial efficiency in terms of managing its caseload. *See Walsh Securities*, 7 F.Supp.2d at 528. Currently, a trial date has still not been set in Defendant Pitts' criminal case. See Exhibit "A". Further, with the state of the pandemic, a complete stay of the case at this time would be indefinite. This factor weighs against granting a complete stay of discovery.

### F. Public Interest

The last *Walsh Securities* factor to be considered is whether a civil case involves a matter of significant public interest. For example, "[c]ourts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs ..., or the dissemination of misleading information to the investing public ..." *Walsh*

*Securities,* 7 F.Supp.2d at 529. In this case, this factor is not dispositive because Defendant Pitts does not allege an urgent harm to the general public.

In contrast, there is a public interest in having those individuals who have been the victims of police misconduct, have their constitutional rights vindicated, especially when weighed against the interests of Defendant, City of Philadelphia who has no interest in protecting its Fifth Amendment rights, since the City does not have the ability to invoke this privilege.

## IV. CONCLUSION

Plaintiff respectfully request that this Honorable Court deny Defendant, City of Philadelphia's Motion to Stay Discovery pending the criminal trial of Defendant former Detective Pitts.

Abramson & Denenberg, P.C.

DATE: August 9, 2022

/s/ *Alan E. Denenberg*
Alan E. Denenberg, Esq.
1315 Walnut Street, Suite 500
Philadelphia, Pa 19107

# EXHIBIT "A"



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET

**Docket Number:** CP-51-CR-0004729-2022

# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
James Pitts

Page 1 of 4

## CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Shaffer, Zachary C. | Date Filed: 06/21/2022 |
| OTN: U 248666-5  LOTN: | Initiation Date: 06/21/2022 |
| Initial Issuing Authority: The Honorable Mia Roberts Perez | Originating Docket No: MC-51-CR-0003501-2022 |
| Arresting Agency: Philadelphia Pd | Final Issuing Authority: |
| Complaint/Citation No.: 2271000034-0003501 | Arresting Officer: Miller-Green, Valarie |
| | Incident Number: 2271000034 |

**Case Local Number Type(s)**
Originating Docket Number
District Control Number
Originating Document Number

**Case Local Number(s)**
MC-51-CR-0003501-2022
2271000034
2271000034-0003501

## STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Arrest Date: | 03/03/2022 |
|---|---|---|---|---|---|
| | | 06/29/2022 | Awaiting Pre-Trial Conference | | |
| | | 06/21/2022 | Awaiting Filing of Information | | |

**Complaint Date:** 03/03/2022

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 07/01/2022 | 11:00 am | 1104 | Trial Commissioner Cynthia S. Gregg | Scheduled |
| Pre-Trial Conference | 07/20/2022 | 9:00 am | 1005 | Judge Robert P. Coleman | Scheduled |
| Status | 08/05/2022 | 9:00 am | 905 | Judge Zachary C. Shaffer | Scheduled |

## DEFENDANT INFORMATION

Date Of Birth: 09/07/1970     City/State/Zip: Philadelphia, PA 19143

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Pitts, James |

## BAIL INFORMATION

**Pitts, James**

**Nebbia Status:** None

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 03/03/2022 | Unsecured | | $10,000.00 | | |

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | | 18 § 4902 | Perjury | 03/03/2022 | U 248666-5 |

CPCMS 9082

Printed: 08/01/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET

**Docket Number: CP-51-CR-0004729-2022**

### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
James Pitts

Page 2 of 4

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 2 | 2 | | 18 § 4902 | Perjury | 03/03/2022 | U 248666-5 |
| 3 | 3 | | 18 § 5101 | Obstruct Admin Law/Other Govt Func | 03/03/2022 | U 248666-5 |
| 4 | 4 | | 18 § 5101 | Obstruct Admin Law/Other Govt Func | 03/03/2022 | U 248666-5 |
| 5 | 5 | | 18 § 5101 | Obstruct Admin Law/Other Govt Func | 03/03/2022 | U 248666-5 |

## DISPOSITION SENTENCING/PENALTIES

**Disposition**
Case Event
  Sequence/Description
    Sentencing Judge
      Sentence/Diversion Program Type
        Sentence Conditions

Disposition Date
  Offense Disposition
    Sentence Date
      Incarceration/Diversionary Period

Final Disposition
  Grade  Section
    Credit For Time Served
      Start Date

**Lower Court Proceeding (generic)**
Preliminary Hearing     06/17/2022     Not Final
- 1 / Perjury — Held for Court — 18 § 4902
- 2 / Perjury — Held for Court — 18 § 4902
- 3 / Obstruct Admin Law/Other Govt Func — Held for Court — 18 § 5101
- 4 / Obstruct Admin Law/Other Govt Func — Held for Court — 18 § 5101
- 5 / Obstruct Admin Law/Other Govt Func — Held for Court — 18 § 5101

**Proceed to Court**     Defendant Was Not Present

Information Filed     07/15/2022     Not Final
- 1 / Perjury — Proceed to Court — 18 § 4902
- 2 / Perjury — Proceed to Court — 18 § 4902
- 3 / Obstruct Admin Law/Other Govt Func — Proceed to Court — 18 § 5101
- 4 / Obstruct Admin Law/Other Govt Func — Proceed to Court — 18 § 5101
- 5 / Obstruct Admin Law/Other Govt Func — Proceed to Court — 18 § 5101

CPCMS 9082

Printed: 08/01/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET

Docket Number: CP-51-CR-0004729-2022

### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
James Pitts

Page 3 of 4

**COMMONWEALTH INFORMATION**

Name:

Supreme Court No:

**ATTORNEY INFORMATION**

Name: William Ryan McLaughlin
Court Appointed
Supreme Court No: 093875
Rep. Status: Active
Phone Number(s):
  215-242-9000   (Phone)
Address:
  McLaughlin Law Office Pc
  6701 Germantown Ave Ste 2107
  Philadelphia, PA 19119

Representing: Pitts, James

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 Held for Court | 06/21/2022 | | Court of Common Pleas - Philadelphia County |
| 3 Waiver of Appearance at Arraignment | 06/21/2022 | | McLaughlin, William Ryan |
| 4 Hearing Notice | 06/29/2022 | | Court of Common Pleas - Philadelphia County |
| 1 Hearing Notice | 07/01/2022 | | Court of Common Pleas - Philadelphia County |
| 1 Information Filed | 07/15/2022 | | Krasner, Larry |
| 3 Hearing Notice | 07/20/2022 | | Court of Common Pleas - Philadelphia County |
| 1 Motion for Discovery | 07/28/2022 | | McLaughlin, William Ryan |

CPCMS 9082

Printed: 08/01/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



**Docket Number: CP-51-CR-0004729-2022**
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
James Pitts

Page 4 of 4

CPCMS 9082

Printed: 08/01/2022

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.