**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No. 22-1556** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this_____day of_____, 2023, upon consideration of the

Motion for Leave to File a Reply to Plaintiff's Response in Opposition to Defendants' Partial Motion

to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Exhibit 1 shall be filed

under Docket No. 22-cv-1556 on behalf of the City of Philadelphia, Defendant Thorsten Lucke,

Defendant Ohmarr Jenkins, and Defendant Charles Ramsey.

BY THE COURT:

_____
John R. Padova, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | No. 22-1556 |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## <u>MOTION FOR LEAVE TO FILE A REPLY TO PLAINITFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS</u>

Defendants, Thorsten Lucke, Ohmarr Jenkins, Charles Ramsey, and the City of Philadelphia ("Defendants"), hereby file this Motion for Leave to File a Reply to Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss. The proposed Reply is attached hereto as Exhibit 1.

Date: January 9, 2023

Respectfully submitted,

/s/ *Danielle E. Walsh*
Danielle E. Walsh
Divisional Deputy City Solicitor
Pa. Attorney ID No. 312438
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-686-0464 (phone)
215-683-5397 (fax)
<u>danielle.walsh@phila.gov</u>
*Counsel for Defendants Thorsten Lucke, Ohmarr Jenkins, Charles Ramsey, and City of Philadelphia*

# EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | No. 22-1556 |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants | : | |
| | : | |

## REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants, Thorsten Lucke, Ohmarr Jenkins, Charles Ramsey, and the City of Philadelphia ("Defendants"), reply in support of their Partial Motion to Dismiss as follows.

## I. BACKGROUND

On November 18, 2022, Defendants filed a Partial Motion to Dismiss Plaintiff's Amended Complaint, seeking targeted dismissal of specific claims. ECF No. 22. December 16, 2022, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (ECF No. 25) conceding dismissal of his Fourteenth Amendment malicious prosecution claim, his Pennsylvania State Law claim, and his claims against former Police Commissioner Charles Ramsey in his Official Capacity, but opposing all other requested relief. Defendants now file the instant reply in support of their Partial Motion to Dismiss Plaintiff's Amended Complaint.

## II. ARGUMENT

### A. The Individual Defendants Are Entitled to Qualified Immunity for Plaintiff's Failure to Intervene Claim.

Defendants argued that there is no clearly established right to intervention outside of the context of an application of force, meriting the application of qualified immunity and dismissal of this claim in

Count IV. Defs.' Mot. at 8-9. In support of this proposition, Defendants relied upon *Ekwunife v. City of Philadelphia*, in which the district court concluded that an Assistant District Attorney could not be liable for failure to intervene because, among other things, such a claim was generally only recognized in the context of a use of force. 245 F. Supp. 3d 660, 672 (E.D. Pa. 2017), *aff'd*, 756 F. App'x 165 (3d Cir. 2018) (citing Third Circuit Model Jury Instruction (Civil) § 4.6.2 (2015) ("A defendant can in appropriate circumstances be held liable for failing to intervene to stop a beating.")). The Court found that this analysis applied with equal force to employees of the police department when, in *Thorpe v. City of Philadelphia*, it dismissed a failure to intervene claim brought against detectives. No. 19-5094, 2020 WL 5217396, at *11 (E.D. Pa. Sept. 1, 2020); *see also Outlaw*, 2021 WL 3471168 at *7.

Plaintiff suggests in opposition that the Third Circuit has not spoken directly on the issue of whether a failure to intervene claim can arise in a malicious prosecution context, but that it "has decided cases which contemplate and specifically do not rule out liability under those facts." ECF No. 17 at 26. Not so. The sole Third Circuit authority Plaintiff cites in support of this contention is *Smith v. Mensinger*, 293 F.3d 641, 650-52 (3d Cir. 2002), and what Plaintiff fails to mention is that *Smith* **squarely** dealt with excessive use of force. The *Smith* case is specifically about a correctional officer who observed other officers beating the plaintiff but failed to stop them from doing so. The court found that the case law applicable to police officers who fail to intervene in an excessive use of force applies equally to correctional officers who engage in the same alleged conduct. *Smith*, 293 F.3d at 650-51.

Nothing in *Smith* suggests that the duty to intervene applies outside the context of a use force, or undermines the *Thorpe* court's conclusion that, as quoted in Defendants' moving brief, "it was not sufficiently clear that reasonable officers would have understood that failing to intervene when confronted with another's fabrication and withholding of evidence" would violate the plaintiff's constitutional rights. 2020 WL 5217396, at *11. In fact, the Third Circuit functionally endorsed the

*Thorpe* court's analysis in *Weimer v. County of Fayette, Pennsylvania*, by finding that a prosecutor could not be held liable for failure to intervene in a faulty investigation because "the facts here are simply too dissimilar from those in the excessive force cases for us to hold that those cases would have put [the prosecutor] on notice that her actions were unlawful." 972 F.3d 177, 191 (3d Cir. 2020).

Plaintiff then implicitly invites this Court to ignore the substantial authority within this district, as well as the Third Circuit's affirmance of *Ekwunife* and analysis in *Weimer*, and instead look to other district courts and non-circuit authority for guidance. ECF No. 17 at 26-28. This Court should decline to do so. In the absence of controlling law to the contrary, and in consideration of the Third Circuit's analysis in *Weimer*, this Court should be guided by other Courts in this district in concluding that no such right was clearly established, and Defendants are entitled to qualified immunity from liability for this claim.

Finally, in an effort to save his failure to intervene claim, Plaintiff argues that this claim should proceed to a jury as there are "disputed issues of material fact which preclude the court from granting these Defendants with qualified immunity." ECF 25 at 29. Notwithstanding the fact that whether a failure to intervene claim was clearly established in the Third Circuit at the time of Plaintiff's arrest and prosecution is purely a question of law, should Plaintiff believe there is a genuine factual dispute at the pleading stage as to whether the individual Defendants were even aware that that confession was fabricated or had the ability to intervene, then Count IV of the Amended Complaint should be dismissed for failure to state a claim.

### B. Plaintiff Has Failed to Adequately Plead His *Monell* Claim.

Defendants moved to dismiss Plaintiff's municipal liability claim in Count VII in its entirety because, while Plaintiff has made several broadside allegations about the City, his contentions lack sufficient specific factual allegations to clearly make out a claim for relief such that Defendants are

adequately placed on notice of Plaintiff's claim. Defs.' Mot. at 10-14. Defendants moved in the alternative to dismiss those municipal liability claims that derive from constitutional rights that were not clearly established at the time, not because qualified immunity applied to the City, but instead because Plaintiff cannot establish elements of his municipal liability claim for those alleged harms. *Id.* at 14-16.

In opposition Plaintiff responds to none of Defendants' arguments and instead further expands his municipal liability claim. Plaintiff's Opposition highlights the ever-shifting nature of his *Monell* claim, and the notice issues identified by Defendants. Plaintiff's opposition is rife with factual averments that are absent from his Amended Complaint.[1] For example, Plaintiff contends that the City "adopted and maintained a custom through its supervisory staff of systematically failing to enforce the Directives and policies that were in existence in order to prevent the abuses alleged by Plaintiff", ECF 25 at 34-35 (despite separating arguing that **lack** of policies led to the alleged harm suffered by Plaintiff), *id.* at 39-40, that "supervisors vouched for Defendant Det. Pitts in this and other criminal cases", *id.* at 35, and that "[municipal defendants] clearly knew about Defendant Det. Pitt's history of misconduct in that he was put on a secret 'Do Not Call' list by the District Attorney's Office", *id.* at 37, just to name a few. Plaintiff goes on to attach a previously undiscussed log book "policy" in support of his *Monell* claim, while failing to demonstrate how that alleged policy is facially unconstitutional. *Id.* at 38. Likewise, Plaintiff cites to an Interview and Interrogation Directive, which is never addressed in the Amended Complaint, and baldly asserts that 1) this policy being implemented in 2014 implies there were no policies in place at the time of Plaintiff's arrest, and then 2) the unsupported conclusion that

---

[1] Plaintiff also now cites to Commonwealth's Joint Stipulations of Fact, ECF 17 Ex. D, in support of his claims. But the City is not bound by the determinations or conclusions of the District Attorney's Office or its Conviction Integrity Unit. *See Garcia v. City of Philadelphia*, 2:21-cv-02884-GAM, ECF 38 (E.D.Pa. Oct. 24, 2022).

the alleged lack of policies somehow led to Plaintiff's alleged harm. *Id.* at 39. Plaintiff's apparent strategy to plead every complaint against the Philadelphia Police Department and every form of *Monell* theory of liability in an effort to meet pleadings standards does not put the City on notice as to the actual claim against it.

Instead, the claim should be dismissed as Plaintiff has not pled sufficient facts to establish a *Monell* claim: that a municipal custom was the caused of Plaintiff's alleged constitutional violations. Plaintiff uses the general framework of a *Monell* claim but does not proffer facts to suggest that the City created or implemented any alleged custom "so well-settled and permanent as to virtually constitute law" that was the "moving force" for the constitutional violations he pleads. *See Forrest v. Parry*, 930 F.3d 93, 105-06 (3d Cir. 2019) ("[I]f alleging a custom, the plaintiff must evince a course of conduct so well-settled and permanent as to virtually constitute law."); *Williams v. Ponik*, 822 F. App'x 108, 112 (3d Cir. 2020) ("A plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." (internal quotation marks omitted) (emphasis in the original)).

Plaintiff's scattershot allegations stand in marked contrast to the allegations that the U.S. Court of Appeals for the Third Circuit has found to be sufficient to state a claim for municipal liability, under either a custom or failure-to-train/supervise/discipline theories. In *Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019), the Court relied substantially on the concessions contained in a consent decree and the public statements made by the head of Newark's police union to conclude that the complaint, which incorporated these materials, stated sufficient facts to state a claim of municipal liability that a custom of the municipality, and that a failure to train/supervise/discipline, were the moving force behind the alleged constitutional violation. *Id.* at 799-801. Notably, the specifically cited provisions and quotations were related to the **specific conduct** allegedly experienced by the

plaintiff. *See generally id*. A similar analysis is found in the district court's opinion in *Zenquis v. City of Philadelphia*, 861 F. Supp. 2d 522, 531-33 (E.D. Pa. 2012). In *Zenquis*, the Court found that public statements specifically attributable to high level employees of the City and specifically about the theory of liability at issue could together state a claim for municipal liability. Plaintiff's Amended Complaint varies significantly from these examples because – as described in Defendants' Partial Motion to Dismiss – the breadth of referenced wrongdoing is largely divorced from the issues Plaintiff himself complains of, such that the alleged wrongdoing cannot support the existence of a custom that was a moving force behind any alleged violation of his constitutional rights.

In sum, Plaintiff's allegations are both overly broad and insufficiently specific to state claims, such that the City is appropriately on notice and able to defend against the theories of liability pursued by the Plaintiff.

Finally, Plaintiff does not rebut Defendants' well-supported alternative argument that the portions of his municipal liability claim implicating rights that were not clearly established should be dismissed. Should this Court not dismiss the *Monell* claim in its entirety, or instruct Plaintiff to replead his claim, this Court should certainly dismiss Plaintiff's municipal liability claims predicated on constitutional rights that were not clearly established at the time of his arrest and prosecution.

### C. Plaintiff Concedes that Certain Claims Should be Dismissed.

Plaintiff concedes that his Fourteenth Amendment malicious prosecution claim, his Pennsylvania state law claim in Count I, and his claims against former Commissioner Charles Ramsey in his Official capacity should be withdrawn. ECF 17 at 42-43. Accordingly, Defendants request that this Court dismiss former Commissioner Charles Ramsey in his Official Capacity as an individual Defendant, and dismiss the applicable portions of Count I and Count II of Plaintiff's Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, in addition to those previously set forth in Defendants' initial motion,

the Court should grant Defendants' Partial Motion to Dismiss.


Date: January 9, 2023                                    Respectfully submitted,

                                                         /s/ *Danielle E. Walsh*
                                                         Danielle E. Walsh
                                                         Divisional Deputy City Solicitor
                                                         Pa. Attorney ID No. 312438
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         215-686-0464 (phone)
                                                         215-683-5397 (fax)
                                                         danielle.walsh@phila.gov
                                                         *Counsel for Defendants Thorsten Lucke, Ohmarr*
                                                         *Jenkins, Charles Ramsey, and City of Philadelphia*

| | | |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No. 22-1556** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Motion for Leave to File a Reply in Support of Defendants' Partial Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: January 9, 2023

Respectfully submitted,

/s/ *Danielle E. Walsh*
Danielle E. Walsh
Divisional Deputy City Solicitor
Pa. Attorney ID No. 206057
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-686-0464 (phone)
215-683-5397 (fax)
danielle.walsh@phila.gov
*Counsel for Defendants Thorsten Lucke, Ohmarr
Jenkins, Charles Ramsey, and City of Philadelphia*