#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OBINA ONYIAH** : | |
|     **Plaintiff** : | |
|     vs. : | **CIVIL NO. 2:22-CV-01556** |
| **JAMES PITTS, ET AL.** : | |
|     **Defendants** : | |

### O R D E R

**AND NOW**, this _____ day of _____, 2024, this Court having considered Plaintiff's Motion to Amend; and any Response thereto; it is hereby **ORDERED** that this Motion is **GRANTED**.

It is further **ORDERED** that Plaintiff may file an Amended Complaint with the actual names of the John/Jane Doe Defendants, Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood, and the names of the John/Jane Doe Supervisory Defendants, Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OBINA ONYIAH** : | |
|     **Plaintiff** : | |
|     vs. : | **CIVIL NO. 2:22-CV-01556** |
| **JAMES PITTS, et al.** : | |
|     **Defendants** : | |

## PLAINTIFF OBINA ONIYAH'S MOTION TO AMEND THE COMPLAINT TO IDENTIFY JOHN/JANE DOE DEFENDANTS

Plaintiff, Obina Onyiah, by and through his attorneys, Alan E. Denenberg, Esquire and Teri B. Himebaugh, Esquire, bring this Motion to Amend Plaintiff's Complaint under Fed. R. Civ. P. 15 to Identify John/Jane Doe Defendants with their actual names, John Doe Defendants as Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; Detective Spotwood; Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark. and in support thereof avers as follows:

1. Plaintiff initiated this action on April 21, 2022, against Defendants, the City of Philadelphia; Former Commissioner Charles Ramsey; Police Captains/Lieutenants John Does 1-5; Former Detective James Pitts; Detective Ohmarr Jenkins; Detective Thorston Lucke; and Detectives/Police Officers John Doe 1-10.

2. On or about November 8, 2010, Defendants, Former Detective James Pitts; Detective Ohmarr Jenkins; Detective Thorston Lucke; Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood, detained Plaintiff for questioning based on a tip from a jailhouse informant, despite Plaintiff not matching the description of the person on the video.

3. While Plaintiff was detained for interrogation, Defendant, Former Detective James Pitts, began aggressively yelling and spitting in Plaintiff's face in order to intimidate

him in full view of and without objection from Defendants, Detective Ohmarr Jenkins; Detective Thorston Lucke; Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood.

4. Then, Defendant, Former Detective James Pitts, began punching Plaintiff, who was handcuffed, in full view of and without objection from Defendants, Detective Ohmarr Jenkins; Detective Thorston Lucke; Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood, in order to elicit a false confession.

5. Plaintiff, in attempt to stop the physical assault by Defendant, Former Detective James Pitts, gave a false confession to the crimes the above-mentioned Defendants accused Plaintiff of committing.

6. When Defendants, Defendants, Former Detective James Pitts; Detective Ohmarr Jenkins; Detective Thorston Lucke; Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood, brought Plaintiff to the computer to identify males from photographs, Plaintiff told Defendants that he did not know them.

7. Unsatisfied with Plaintiff's answer, Defendant, Former Detective James Pitts, began assaulting Plaintiff again, forcefully grabbing Plaintiff's neck and shoving his head in between his legs while shouting, once again eliciting a false confession from Plaintiff.

8. At all relevant times, Defendants, Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark, were direct supervisors of Defendants, Former Detective James Pitts; Detective Ohmarr Jenkins; Detective

Thorston Lucke; Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood.

9. Defendants, Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark, were the ultimate supervisors in charge of the Detectives at the Homicide Unit, and were in charge of hiring, firing, training, and disciplining Homicide Detectives at all times relevant to Plaintiff's Complaint.

10. At the relevant time, Defendant, Captain James Clark, was the Commanding Officer of Homicide in the Philadelphia Police Department.

11. Upon information and belief, Defendant, Captain James Clark, was transferred in 2017, allegedly due to "declining clearing rates."

12. On May 31, 2013, Plaintiff was wrongfully convicted of second-degree murder, three counts of robbery, conspiracy to commit a robbery, and a violation of the Uniform Firearms Act.

13. After exhausting direct appeals, Plaintiff filed a timely *pro se* petition under the Post-Conviction Relief Act ("PCRA") on May 9, 2016, raising claims of actual innocence, ineffective assistance of trial counsel, and that his confession was coerced.

14. On May 4, 2021, the Honorable Tracy Brandeis-Roman of the Philadelphia Court of Common Pleas granted the Plaintiff's motion to vacate the conviction and approved the dismissal of all charges against him based on new evidence of the pattern of abuse that Defendants, Former Detective James Pitts; Detective Ohmarr Jenkins; Detective Thorston Lucke; Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; and Detective Spotwood, perpetrated against witnesses.

15. Until recently, the identities of Defendants, Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; Detective Spotwood; Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark, were unknown to Plaintiff and were not discoverable until Derek Kane, Esq. counsel for Defendants the City of Philadelphia and Detectives Jenkins and Lucke, passed discovery to Plaintiffs' attorneys on January 18, 2024.

16. Plaintiff's counsel meticulously reviewed over 400 pages of discovery sent by Mr. Kane and discovered the identities of several John Doe Defendants as Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; Detective Spotwood; Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark.

17. Under Fed. R. Civ. P., a party's Leave to Amend should be "freely given…" by the Court "…when justice so requires."

18. Courts must grant a party Leave to Amend "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002); *citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

19. Should the Court grant Plaintiff's Motion for Leave to Amend, there will be no prejudice to the John Doe Defendants as Detective Cummings; Detective Glenn; Detective Serrano; Detective McDermott; Detective Pirrone; Detective Spotwood; Lieutenant Phillip Riehl, Badge Number 443; Sergeant Hayes, Badge Number 8595; and Captain James Clark.

**WHEREFORE**, Plaintiff, Obina Oniyah, respectfully requests that that this Honorable Court grant Plaintiff's Motion to Amend Complaint.

 

Respectfully submitted,

**ABRAMSON & DENENBERG, P.C.**

Date: February 21, 2024    **BY:** /s/ *Alan E. Denenberg*
                                              **ALAN E. DENENBERG, ESQ.**
                                              **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I, Alan E. Denenberg, Esquire, hereby certify that service of a true and correct copy of Plaintiff's Motion for Leave to File an Amended Complaint was made on February 21, 2024, to all counsel of record via the Court's e-filing system.

February 21, 2024                                                    /s/ *Alan E. Denenberg*
                                                                           Alan E. Denenberg, Esquire