**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OBINA ONIYAH** | : |
| | : |
| | : **CIVIL ACTION** |
| Plaintiff, | : No. 22-1556 |
| | : |
| v. | : |
| | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| | : |
| Defendants | : |
| | : |

## ORDER

AND NOW, this_____day of_____, 2024, upon consideration of the

Motion to Stay filed by Defendants and any response thereto, it is **HEREBY ORDERED** that the

Motion is **GRANTED** and that this matter shall be **STAYED** until the conclusion of the prosecution

against James Pitts, docketed at MC-51-CR-0003501-2022.

BY THE COURT:

_____
John R. Padova, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No. 22-1556** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**MOTION TO STAY PROCEEDINGS**

Defendants, City of Philadelphia, Ohmarr Jenkins and Thurston Lucke, hereby files this Motion to Stay Proceedings. In support of this Motion, Defendants incorporate the attached Memorandum of Law. Defendants respectfully request that this Court stay proceedings of this matter until the conclusion of the related criminal prosecution of defendant James Pitts in the Philadelphia Court of Common Pleas.

Date: February 28, 2024                    Respectfully submitted,

                                                    */s/ Derek R. Kane*
                                                    Derek R. Kane, Esquire
                                                    Deputy City Solicitor
                                                    Pa. Attorney ID No. 316941
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102
                                                    (215) 683-5374
                                                    derek.kane@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **No. 22-1556** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

On June 21, 2022, Defendants, City of Philadelphia, Ohmarr Jenkins and Thurston Lucke, filed a Motion to Stay Proceedings in this Court. ECF No. 5. Plaintiff opposed that original motion. ECF No. 9. Plaintiff no longer opposes a stay to proceedings in this case until the conclusion of the related criminal prosecution of defendant James Pitts.

This Court has granted a partial stay of the proceedings, staying the discovery from Defendant Pitts until the conclusion of the criminal proceedings against him in the criminal action docketed as CP-51-CR-0004729-2022 in the Court of Common Pleas of Philadelphia County. ECF No. 13. Plaintiff now requests a stay of the expert deadlines because of his inability to get discovery from Defendant Pitts. ECF. No. 42. Defendants object to that request only to the extent that it fails to fully address the ongoing discovery problems the Pitts prosecution presents to this case.

The same obstacles that Plaintiff has encountered in completing discovery also affect Defendants' ability to defend this case. In fact, Defendants are equally if not more so prejudiced because their own investigative file regarding the facts at issue is still not accessible to them. Plaintiff now no longer opposes staying proceedings in this case in their entirety until the conclusion of the related

criminal prosecution of defendant James Pitts, and so Defendants renew their request to stay proceedings.

## I.    BACKGROUND

On February 28, 2022, Defendant Pitts was indicted for alleged perjurious testimony and obstruction of the administration of justice by physically assaulting the Plaintiff during an official police interview with the intent of obstructing justice, and then offering false testimony during a pretrial hearing challenging the admissibility of the purported confession.

Since Defendant Pitts was indicted, Plaintiff filed his civil complaint for damages pursuant to 42 U.S.C. § 1983 alleging that Defendant Pitts used threats and physical violence to obtain Plaintiff's false confession for the same homicide at issue in Pitts' criminal indictment. Plaintiff further alleges that Defendant Pitts provided false testimony at Plaintiff's criminal trial, resulting in his conviction. Additionally, Plaintiff avers that Defendant Pitts had a pattern, practice and custom of coercing false statements from witnesses and suspects in homicide cases, and that the City is liable in part because PPD Supervisors, who had actual and constructive knowledge of his misconduct, permitted and facilitated his investigative conduct. The issues alleged in Plaintiff's complaint are the same as those presented in the indictment.

## II.    ARGUMENT

The Court should stay this proceeding until the prosecution against Defendant Pitts has concluded. Where a civil action parallels a pending criminal case, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In deciding whether to stay a civil case until a related criminal proceeding has been resolved, courts should consider:

"1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." *Walsh Securities, Inc. v. Cristo Property Management*, 7 F. Supp. 2d 523, 526-527 (D.N.J. 1998). In *Walsh*, the court granted a motion to stay after considering these factors, *id.* at 529, and this Court should do the same. *See McCullers v. Commonwealth of Pa.*, No. 15-3732, 2016 WL 3551624, at *13 (E.D. Pa. June 30, 2016) (granting a motion to stay civil case during pendency of criminal prosecution and citing *Walsh*); *In re Adelphia Communications Securities Litig.*, No. 02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003) (same).

Defendants reiterate and incorporate their arguments in the first Motion to Stay Proceedings. ECF No. 5. Importantly, Plaintiff no longer opposes this motion, and the third *Walsh* factor, weighs in favor of a stay. This is because Plaintiff now admits that he cannot prosecute his case due to his inability to depose or request discovery from Defendant Pitts. *See* ECF No. 42. Likewise, Defendants are unable to proceed with discovery as they have no longer have control or possession of their investigative file. Litigation is now deadlocked, and it is necessary to stay proceedings. It is anticipated that prosecution against Defendant Pitts will commence on July 8, 2024.

**III.    CONCLUSION**

For the foregoing reasons, the Court should grant this motion and stay this litigation.


Date:  February 28, 2024                    Respectfully submitted,

                                            */s/ Derek R. Kane*
                                            Derek R. Kane, Esquire

3

Deputy City Solicitor
Pa. Attorney ID No. 316941
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5374
derek.kane@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **OBINA ONIYAH** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | No. 22-1556 |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants | : | |
| | : | |

### CERTIFICATE OF SERVICE

     I hereby certify that on the date below, the Defendants' Motion to Stay was filed via the Court's electronic filing system and is available for downloading.

Date:  February 28, 2024                              Respectfully submitted,

                                        */s/ Derek R. Kane*
                                        Derek R. Kane, Esquire
                                        Deputy City Solicitor
                                        Pa. Attorney ID No. 316941
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA 19102
                                        (215) 683-5374
                                        derek.kane@phila.gov